IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBRA ANN DANIEL,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No.: 1:25-cv-05964

## COMPLAINT

Plaintiff, DEBRA ANN DANIEL ("Daniel" or "Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants"), and for Plaintiff's Complaint hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendant aliases and/or the online marketplace accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase

products bearing infringing versions of Plaintiff's copyrighted works. Each of the Defendants has targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold products bearing infringing versions of Plaintiff's federally registered copyrighted works to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. Additionally, Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over Defendants because the claims asserted herein arise under federal copyright law, Defendants would not be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.

## INTRODUCTION

3. Plaintiff, Debra Ann Daniel, is the owner of the federal copyright registrations that protect the creative content of Plaintiff's illustrations. Debra is widow of the late Kevin Timothy Daniel. She inherited the ownership of her husband's artworks, and she manages his legacy and business affairs. Kevin Daniel was a nationally acclaimed wildlife artist. With his love and passion for nature, he focused on the realism of wildlife art, bringing to life the subtleties of the outdoors from a natural but unique position.

4. Plaintiff has filed this action to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill, and valuable copyrights by selling and/or offering for sale products in connection with Plaintiff's illustrations. In addition, the Defendants are selling unauthorized products that are based on and derived from the copyrighted subject matter of Plaintiff's illustrations.

5. Plaintiff is the owner of United States Copyright Registration Nos. VA 2-414-569; VA 2-414-583; VA 2-414-570; VA 2-414-565; VA 2-408-277; VA 2-414-588; and VA 2-414-563 (the "Kevin Daniel Works") and the registrations are attached hereto as **Exhibit 1**. Upon information and belief, the copyrights have effective dates that predate the Defendants' acts of copyright infringement.

6. In an effort to illegally profit from the creative content of the Kevin Daniel Works, Defendants have created numerous Defendant Internet Stores and designed them to appear to be selling authorized Kevin Daniel Products.

7. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendants' piracy of the Kevin Daniel Works. Plaintiff has been and continues to be irreparably damaged through loss of control over the creative content of the valuable copyrights, reputation, goodwill, the quality, and ability to license as a result of Defendants' actions and seeks injunctive and monetary relief.

## THE PLAINTIFF

8. Plaintiff, Debra Ann Daniel, is the owner of the Copyright Registrations that protect the creative content of the Kevin Daniel Works. Debra is widow of the late Kevin Timothy Daniel. She inherited the ownership of her husband's artworks, and she manages his legacy and business affairs. Kevin Daniel was a nationally acclaimed wildlife artist. Studying the works of classic artists like Rembrandt, Renoir, and Monet, he became amazed by their attention to detail,

panoramic scenery, and use of colors. With his love and passion for nature, he focused on the realism of wildlife art, bringing to life the subtleties of the outdoors from a natural but unique position. Inspired by his upbringing in Minnesota, he wanted to capture the wildlife and nature in his paintings as well as share and reflect on memories with family and friends. He concentrated his work on waterfowl, earning him national awards and becoming a two-time Minnesota Duck Stamp Winner. In 1982 Kevin was honored by the United Services Organization, and in 1997 he was inducted to the U.S. Art Hall of Fame. His paintings can be found in private collections and galleries worldwide.

9. Daniel and her husband have expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Kevin Daniel Works. As a result, products associated with the Kevin Daniel Works are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Daniel. (the "Kevin Daniel Products").



https://www.kevindanielart.com/artworks-1

4

10. Plaintiff is the owner of the United States Copyright Registrations that cover the Kevin Daniel Works. The Registrations are valid, subsisting, and in full force and effect. True and correct copies of the registration certificates are attached hereto as **Exhibit 1**.

11. In an effort to illegally profit from the creative content of the Kevin Daniel Works, Defendants have created numerous Defendant Internet Stores and designed them to appear to be selling authorized Kevin Daniel Products. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Kevin Daniel Products.

12. Daniel and her husband have invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in the Kevin Daniel Works.

13. The success of the Kevin Daniel Works is due in large part to Plaintiff's marketing, promotional, and distribution efforts.

14. As a result of Plaintiff's efforts, the quality of the Kevin Daniel Products, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social media coverage, members of the public have become familiar with the Kevin Daniel Works and associate them exclusively with Daniel.

15. Daniel has made efforts to protect Plaintiff's interests in and to the Kevin Daniel Works. No one other than Daniel and her licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Kevin Daniel Works without the express written permission of Plaintiff.

**THE DEFENDANTS AND THE DEFENDANTS' UNLAWFUL CONDUCT**

16. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell illegal Kevin Daniel Products to consumers within the United States, including Illinois and in this judicial district.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

17. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

18. The Kevin Daniel Works are original works and are copyrightable subject matter under 17 U.S.C. § 101 et seq.

19. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the Kevin Daniel Works, including derivative works. The Kevin Daniel Works are the subject of valid Copyright Registration Certificates issued by the Register of Copyrights. (**Exhibit 1**).

20. Each Defendant, without the permission or consent of Plaintiff, has and continues to sell online pirated derivative works of the copyrighted Kevin Daniel Works. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

21. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

22. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrights and ordering that each Defendant destroy all unauthorized copies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the Kevin Daniel Works or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Kevin Daniel Product or is not authorized by Plaintiff to be sold in connection with the Kevin Daniel Works;

    b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Kevin Daniel Works;

    c. further infringing the Kevin Daniel Works and damaging Plaintiff's goodwill;

    d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory

    not authorized by Plaintiff to be sold or offered for sale, and which directly use the Kevin Daniel Works, and which are derived from Plaintiff's copyrights in the Kevin Daniel Works; and

    e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyrights in the Kevin Daniel Works;

2) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

3) For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

4) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

5) Award any and all other relief that this Court deems just and proper.

DATED: May 28, 2025                                                        Respectfully submitted,
                                                                               */s/ Keith A. Vogt*
                                                                 Keith A. Vogt (Bar No. 6207971)
                                                                 Keith Vogt, Ltd.
                                                                 33 West Jackson Boulevard, #2W
                                                                 Chicago, Illinois 60604
                                                                 Telephone: 312-971-6752
                                                                 E-mail: keith@vogtip.com

                                                                 **ATTORNEY FOR PLAINTIFF**